UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**WILFRIDO N. ARDON SALVAJAN**

                         **Plaintiff,**         **CIVIL ACTION NO. 24-cv-_____**

**v. U.S. CITIZENSHIP AND IMMIGRATION
SERVICES (USCIS); ASYLUM
OFFICE, USCIS; UR MENDOZA JADDOU,
DIRECTOR, USCIS; TED H. KIM, ASSOCIATE
DIRECTOR, REFUGEE, ASYLUM, AND
INTERNATIONAL OPERATIONS, USCIS;
MATTHEW D. EMRICH, ASSOCIATE DIRECTOR,
FRAUD DETECTION AND NATIONAL
SECURITY, USCIS; and PATRICIA MENGES,
DIRECTOR, ASYLUM OFFICE,
USCIS;**

                         **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## COMPLAINT AND ACTION IN MANDAMUS

Plaintiff Wilfrido N. Ardon Salvajan, by and through his attorneys, hereby respectfully petitions for issuance of a writ of mandamus or in the nature of mandamus and/or an order to compel under the Administrative Procedure Act ("APA") ordering Defendants to adjudicate Plaintiffs' Form I-589, Application for Asylum and for Withholding of Removal which was received and pending as of June 26, 2015 (the "Asylum Application") and which has still not been adjudicated more than 7 years after it was filed.

JURISDICTION AND VENUE

1. This Honorable Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. § 1651 because Plaintiffs ask this Court to compel Defendants, officers of the United States, to perform a duty owed under 8 U.S.C. § 1158(d)(5)(A)(iii).

2. Jurisdiction is also conferred on this Court pursuant to 5 U.S.C. § 704 as Plaintiffs are aggrieved by adverse agency action which this Court is authorized to remedy under the Administrative Procedures Act, 5 U.S.C. §§ 702 et seq.

3. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§ 2201-02 which authorizes the issuance of a declaratory judgment.

4. Costs and fees are sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), et seq.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because this judicial district is where the Defendants, acting through the Asylum Office of the United States Citizenship and Immigration Services, have failed to take action required by law.

## PARTIES

6. Plaintiff Wilfrido N. Ardon Salvajan ("Ardon"/ "Plaintiff") is a native and citizen of Guatemala who entered the United States from Mexico in 2015.

7. On or about May 12, 2015, Ardon applied for asylum on behalf of himself and received an Acknowledgement of Receipt of said application from USCIS dated June 26, 2015.

8. The United States Citizenship and Immigration Services ("USCIS"), is the defendant Agency charged with inter alia adjudicating applications for asylum. It has the obligation to adjudicate Plaintiffs' Asylum Application.

9. The Asylum Office is an office within USCIS and the federal agency with direct authority and responsibility to adjudicate Plaintiffs' Asylum Application.

10. Defendant Ur Mendoza Jaddou is the director of USCIS, the Agency charged with adjudicating Plaintiffs' Asylum Application. Defendant Jaddou is named in his official capacity.

11. Defendant Ted H. Kim is the USCIS Associate Director for Refugee, Asylum and International Operations. He has supervision over all asylum offices, including the Asylum Office. He requires that some applications be forwarded to headquarters before final adjudication and may, upon information and

belief, have ordered that Plaintiffs case be forwarded to his office for its review. Defendant Kim is named in his official capacity.

12. Defendant Matthew D. Emrich is the USCIS Associate Director of the Fraud Detection and National Security Directorate. He has supervision of all USCIS staff who review asylum applications to ensure that immigration benefits are not granted to individuals who pose a threat to national security or public safety, or who seek to defraud the immigration system. Certain applications must be reviewed by the Fraud Detection and National Security Directorate before their final adjudication. Upon information and belief, USCIS has not adjudicated the Asylum Application because the Fraud Detection and National Security Directorate has never completed its review. Defendant Emrich is named in his official capacity.

13. Defendant Patricia Menges is the Director of the Asylum Office, within USCIS, which is charged with adjudicating Plaintiffs' Asylum Application. Defendant Menges is named in her official capacity.

## ADMINISTRATIVE PROCEDURE ACT FRAMEWORK

14. Under the Administrative Procedure Act ("the APA"), 5 U.S.C. § 706(1), the Court is authorized to compel agency action which has been unreasonably delayed.

15. Assessing reasonableness is frequently found to involve a balancing test, in which a statutory requirement is a very substantial factor. See Telecommunications Research & Action Ctr. v. FCC, 750 F.2d, 70, 77-78 (D.C. Cir. 1984).

16. The APA also provides pursuant to 5 U.S.C. § 706(1) that courts "shall compel agency action unlawfully withheld." Courts have held that this provision eliminates court discretion to grant relief once an agency has violated a statutory deadline as is the situation here. See Forest Guardians v. Babbitt, 174 F.3d 1178 (10th Cir. 1998); see also Biodiversity Legal Foundation v. Badgley, 309 F.3d 1166, 1178 (9th Cir. 2002) (noting that when "Congress Case 1:17-cv-00008-CMH-MSN Document 1 Filed 01/04/17 Page 4 of 11 PageID# 16 -5- has specifically provided a deadline for performance … no balancing of factors is required or permitted").

17. Plaintiff has a statutory right to apply for asylum and to be considered for that relief pursuant to 8 U.S.C. § 1158(a).

18. Defendants generally have a statutory duty to adjudicate asylum requests within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

19. Plaintiff has no adequate remedy at law, and will suffer irreparable harm if their Asylum Application is not promptly adjudicated.

## MANDAMUS FRAMEWORK

20. Plaintiff has a statutory right to apply for asylum and to be considered for that relief pursuant to 8 U.S.C. § 1158(a).

21. Defendants generally have a statutory duty to adjudicate asylum requests within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

22. Plaintiffs have no adequate remedy at law, and will suffer irreparable harm if their Asylum Application is not promptly adjudicated.

23. Pursuant to 28 U.S.C. § 1361, this Court has "original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [Plaintiff.]"

24. Pursuant to 28 U.S.C. § 1651, this Court may issue any and all "writs necessary or appropriate in aid of [the Court's] respective jurisdiction[] and agreeable to the usages and principles of law." Case 1:17-cv-00008-CMH-MSN Document 1 Filed 01/04/17 Page 5 of 11 PageID# 17 -6- FACTUAL

## ALLEGATIONS

25. Ardon is a native and citizen of Guatemala who filed an Asylum Application on behalf of himself, in November 2015. Defendants acknowledged receipt of the Asylum Application with receipt number ZNY1500205520, dated June 26, 2015 (Exhibit 1).

26. Since June 26, 2015, Defendants have not adjudicated the Asylum Application nor granted Plaintiff an interview.

27. Upon information and belief, Plaintiff has complied with any and all document requests since that time and has made repeated status inquiries, has applied for Temporary Protected Status, and has applied for and been granted work authorization.

28. While the nearly 8-year delay in adjudicating the Asylum Application is itself causing irreparable harm to Plaintiff.

29. This delay is causing irreparable harm to Ardon who is not able to commence his life in the United States without fear of potentially returning to Guatemala—a country where they most certainly would be persecuted, tortured, and/or killed.

32. Defendants' delay, actions, and omissions in this case are unreasonable.

33. Defendants, in violation of law, are unlawfully withholding or unreasonably delaying action on Plaintiff's Asylum Application and have failed to carry out the adjudicative and administrative functions delegated to them by law with regard to Plaintiff's Asylum Application.

34. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be free from doubt.

35. No other adequate remedy is available.

36. Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

## COUNT ONE (ADMINISTRATIVE PROCEDURES ACT)

37. Plaintiff repeats and realleges paragraphs 1 through 36 as if fully set forth herein and incorporates them by reference.

38. Defendants have unreasonably delayed adjudication of Plaintiff's Asylum Application, despite a clear statutory deadline requiring them to adjudicate it within 180 days.

39. No adequate remedy exists at law.

40. Plaintiff will suffer and is suffering irreparable harm from the delay in adjudicating her case.

41. This delay is unreasonable and leaves Plaintiff without an adequate remedy.

42. Having diligently followed the procedures set forth by Defendants and exhausted all administrative remedies, Plaintiff seeks a court order compelling Defendants to adjudicate their Asylum Application pursuant to 5 U.S.C. § 706(1).

COUNT TWO (MANDAMUS)

43. Plaintiffs repeats and realleges paragraphs 1 through 42 as if fully set forth herein and incorporates them by reference.

44. Pursuant to 28 U.S.C. § 1361, this Court may compel an officer or employee of the United States to perform a duty owed to the Plaintiffs. See Burnett v. Tolson, 474 F.2d 877, 880 (4th Cir. 1973).

45. Pursuant to 28 U.S.C. § 1651, this Court may issue any and all "writs necessary or appropriate in aid of [the Court's] respective jurisdiction[] and agreeable to the usages and principles of law." Case 1:17-cv-00008-CMH-MSN Document 1 Filed 01/04/17 Page 9 of 11 PageID# 21 -10-

46. Plaintiff has a right to apply for asylum and to receive a timely decision on their Asylum Application.

47. Defendants owe Atef the duty to adjudicate her Asylum Application within 180 days pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

48. No adequate remedy exists at law, for the reasons set forth above. Further, Plaintiff will suffer irreparable harm from the delays in adjudicating her case.

49. This delay is unreasonable and leaves Plaintiff without an adequate remedy.

56. Having diligently followed the procedures set forth by Defendants and exhausted all administrative remedies, Plaintiff seeks a writ of mandamus or in the nature of mandamus to end Defendants unreasonable delay and refusal to adjudicate Plaintiff's Asylum Application.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

(a) accept jurisdiction and maintain continuing jurisdiction of this action;

(b) declare Defendants actions and omissions in this matter as arbitrary and capricious, an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. § 706(1) and 28 U.S.C. §§ 2201-02;

(c) issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling Defendants to make a determination on Plaintiffs' I-589, Application for Asylum and Withholding of Removal;

(d) issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1), compelling to Defendants to make a determination on Plaintiffs' I-589, Application for Asylum and Withholding of Removal;

(e) grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), et seq., and

(f) grant such other relief as the Court deems necessary and proper.

Dated: New York, New York

February 2, 2024

        Respectfully submitted,

        /s/

        MACKENZIE LAW OFFICES
        by *Chas R Mackenzie*
        Charles Rudd Mackenzie
        Attorney for Plaintiff, Pro Hac Vice
        250 Park Avenue, 7th Floor
        New York, NY 10177
        Telephone: (212) 289-6570
        E-mail: cmackenzie@mackenzielawoffices.com